DENNISON AND TRULL vs. JONATHAN BROWN.

That if a note be given in payment and satisfaction of a judgement, it is a good de-fence to an action, brought upon that note, that such judgement has been set a side upon a writ of *audita querela.*

Nor does it vary the case, that the signer of such note gave a discharge of the *audita querela,* sued out by him and another, which discharge was decided to be inoperative for the purpose of defeating the same.

This was an action of *assumpsit* on a note dated August 4th 1824, and executed by the defendant to the plaintiffs.

The *general issue* was pleaded, and closed to the court by agreement of parties. The defendant recovered his cost, and exceptions were filed, and allowed, to the decision of the county court, upon which the action was brought up to this Court.

It appears by the exceptions, that the defence relied upon was the want of consideration for the note. The proof was, that the plaintiffs sued the defendant and one Gleason, before one Samuel Stanford, a justice of the peace, and recovered a judgement, and obtained execution upon the judgement, and delivered the same to an officer for collection; that *Brown* and Gleason applied for an appeal from said judgement, which was disallowed by the justice on some objection of the plaintiff. They then brought a suit of *audita querela* to set aside the judgement; after which the plaintiff and *Brown* agreed to settle the whole. The defendant gave this note, and gave a discharge of the suit of *audita querela;* and the plaintiff gave him a discharge from said judgement. Gleason not approving of this settlement, the *audita querela* was prosecuted. The plaintiff made defence with his receipt from *Brown;* but that proved ineffectual; and the judgement of the justice was set aside.

The question now presented was whether these facts furnished a defence to the note.

*Argument of the plaintiffs' counsel.*—The only question for the consideration of the Court is, are the discharges of the judgement and *audita querela* a good and valuable consideration for the note. A compromise of a doubtful right is a good considera-tion for a promise. This is clear, and every day practiced.—1 *Dane,* 125, *a* 43; *do.* 114, *sec.* 8. The giving up a suit, insti-tuted to try a doubtful question, is a good consideration for a promise to pay a stipulated sum.—1 *Chitty on con.,* 9–10; 5 *B. & Ald.* 117. A suspension or forbearance of a right is a good consideration for a promise.—1 *Swift,* 189. A promise, in con-sideration of surceasing a suit, is good and valid.—1 *Swift,* 190.

Suits are not to be presumed causeless, and the promise to pay CALEDONIA, *March,* argues cause for the defendant's stay of proceedings.—*Powel on* 1831. *contracts, p.* 346.  These rules are founded in policy.  It is for Dennison et al. the interest of community that there should be a compromise of *vs.* Brown. suits, and an end of litigation.  Benefit to the defendant, or loss to the plaintiff, is a good consideration for a promise.  In this case the plaintiff gave the defendant a discharge of the judgement recovered against him and Gleason.  The exceptions being then recalled by *audita querela* could make no difference.  It was the same as though it had not been taken out.  The defendant, by operation of said discharge, was released from his bonds given on praying out the *audita querela.*  It operated as a discharge of the original cause of action.  That action was settled root and branch.  Not only that, but the suit on the *audita* was compromised.  The defendant and Gleason recovering that judgement does not destroy the note.  The judgement by the discharge was dead in law.  It was the same as no judgement, for it was satisfied.  The original case of action was satisfied and at an end. Here was a compromise of a right ; a giving up of a suit ; a suspension of a prosecution, and a surceasing of litigation.

*Argument of the defendant's counsel.*—1. The consideration, for which the note in question was given, failed by the reversal of the judgement for the discharge of which the note was executed ; and a total failure of consideration is a good defence to a suit upon the note.

2. The judgement discharged, and afterwards set aside by *audita querela,* was irregular ; the plaintiffs having induced the justice to refuse the defendants in that case an appeal, to which they were by the statute entitled ; and, therefore, as between the parties, it was an *irregular* judgement.

3. Where an irregular judgement has been set aside, the consequences, as it respects the *parties* to it, are the same as if no judgement had ever existed.—*Allen vs. Huntington et al.* 2 *Aik. Rep.* 249.

4. A reversal, therefore, of that judgement, by *audita querela,* revived the original cause of action, and left *Brown* liable to the plaintiff for a trespass.

The opinion of the Court was pronounced by

HUTCHINSON, C. J.—On general principles the effect of the reversal of a judgement is to do away that judgement, and place

CALEDONIA,
March,
1831.

Dennison et al.
vs.
Brown.

the parties in the same situation they were in before the judge-
ment was rendered.    If the debtor has paid the judgement before
reversal he can recover it back afterwards.    Upon the same prin-
ciple, if he has given his note for the amount of the judgement,
and the judgement is afterwards reversed, the consideration of
the note fails, and no action can be sustained upon it.    And, in
these respects, it makes no difference, whether the reversal is be-
cause of error merely, or because of irregularity.    Otherwise,
when an officer is called to account for his proceedings under an
execution, and the judgement upon which such execution issued
is afterwards reversed.

We must now consider, whether the singular shape in which
this dispute is presented, varies it from the cases above mentioned.
If *Brown* and Gleason were bound by the agreement of *Brown*
to discharge their joint complaint, their after prosecuting the same
was a fraud upon the plaintiff.    If they were not thus bound, it
would not so operate.    But it appears by the *audita querela*,
and pleadings and decision therein, that the plaintiff made use of
the discharge given by *Brown*, in his defence to that complaint ;
and the Supreme Court decided against that defence.    They
must have done so in reversing the judgement.    It is easy *to con-
ceive* a possible case, in which such a discharge ought not to pre-
vail as a defence.    Gleason might have been the principal, and
*Brown* only his surety ; and *Brown's* interference might have
been wrong as to Gleason, especially if *Brown* would afterwards
claim an indemnity from Gleason.    In such a case, Gleason
would have the equitable right to pursue the *audita querela*, as
well to reverse the plaintiff's judgement, as to prevent all appear-
ance of his being holden to indemnify *Brown.*

That judgement of reversal remains in full force, and we must
now consider it a correct decision between the parties.    It may
well have been so, as the issues were presented to the Court.    It
appears on inspection, that the present plaintiff interposed two
pleas in that case.    One was a payment in full to *Brown.*    This
was not pleading according to the legal effect of the evidence re-
lied upon, and was demurred to; and correctly adjudged to be an
insufficient plea.    The other plea was that of payment to both
the complainants.    This, if true, presented a good defence.    But
it was traversed, and found not true.    If the discharge of *Brown*
was presented as evidence of payment, it may have been met
with testimony showing that *Brown* had no right to make
such a settlement, and leave it binding upon Gleason.    In this, or

OF THE STATE OF VERMONT. 173

Dennison et al.
*vs.*
Brown.

some other way, the plea was met, and the judgement was reversed, and this changes the situation of the parties. If *Brown* pays the demand now, he has no claim upon Gleason for an indemnity, even if he had acted with strict integrity in making his settlement with the plaintiff, but with incorrect views of his power so to act. Moreover, if the plaintiff ever had any cause of action against *Brown* and Gleason, when he sued them, and recovered his judgement, that cause of action was revived, the moment that judgement was reversed. The giving of the note and paying the same, might amount to a defence to the original cause of action : but the giving the note alone to satisfy the judgement, can have no such effect, after the judgement is reversed. The plaintiff must have known that he run some risk in thus settling with *Brown*, without the concurrence of Gleason, unless he knew that *Brown* was principal, or that the settlement would conform to the wishes of Gleason.

The judgement of the county court is affirmed.
*Fletcher & J. Mattocks*, for plaintiffs.
*Cushman & Shaw*, for defendant.